IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | No. 6:10-CR-023-C |
| RONDRICK LAMAR GRAY | § § § | |

**MOTION TO SUPPRESS EVIDENCE
AND FOR EVIDENTIARY HEARING**

A.  **INTRODUCTION**

Mr. Gray has been charged with Possession with Intent to Distribute Five Grams or More of Cocaine Base, under 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). Mr. Gray moves this Court to suppress the evidence obtained from the body cavity search while he was under IV sedation on April 23-24, 2010.

B.  **FACTUAL BACKGROUND**

Police initiated a traffic stop of Mr. Gray on April 23, 2010 because he had city warrants and police suspected him of a robbery from the night before. (Incident Report at 3). Based on remarks from Mr. Gray's passenger, police believed that Mr. Gray was in possession of crack cocaine. (Incident Report at 3). Police searched and inventoried Mr. Gray's vehicle, but no drugs were found. (Incident Report at 3). Mr. Gray's vehicle was towed to a facility and searched by drug dogs, but no drugs were found. (Incident Report at 3). Mr. Gray was searched at the scene and later strip searched at the jail, but no drugs were found. (Incident Report at 3). Police believed that Mr. Gray

1

was not fully complying with a "squat and cough" procedure, so they obtained a warrant for a body cavity search. (Incident Report at 8; Affidavit for Search Warrant). Police took Mr. Gray to a hospital where doctors performed a "digital rectal exam," during which they did not retrieve drugs. (Consultation Report). The doctors then intravenously gave Mr. Gray 5 mg of Midazolam (a.k.a. Versed), followed by 20 mg of Etomidate. (Moderate Sedation Monitoring Record). Midazolam is a benzodiazepine used as an anti-seizure medication and amnesic, and Etomidate is a short acting anaesthetic. While Mr. Gray was sedated, doctors performed a "rigid protoscopy" and another digital rectal exam. (Consultation Report). This was the fourth search of Mr. Gray's body and he was unconscious for at least two minutes during the procedure. (Moderate Sedation Monitoring Record). It was during this fourth search of his person that the narcotics were found which form the basis of the charge against him.

## C. ARGUMENT

In *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the U.S. Supreme Court established a balancing test for the Fourth Amendment reasonableness of body searches, which weighs the need for the particular search against the invasion of the detainee's personal rights. Four factors must be considered: (1) the scope of the intrusion; (2) the manner in which the search was conducted; (3) the justification for the search; and (4) the place where the search was conducted. *Id.* If any of the four *Wolfish* factors are deemed unreasonable, then the entire search is unreasonable and in violation of the Fourth Amendment to the U.S. Constitution. *See e.g. Huguez v. United States*, 406 F.2d 366, 381 (9th Cir. 1968) (unreasonable manner and place); *Winston v. Lee*, 470 U.S. 753, 759 (1985) (unreasonable scope); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 44-45 (1st Cir. 2009) (unreasonable justification and scope). The search of Mr. Gray's rectum while under forced IV sedation was

unreasonable in both scope and justification; each unreasonable factor independently causes the entire search to become unreasonable and therefore unconstitutional.

### 1. The scope of the search was unreasonable

In reference to the *Wolfish* factors, "scope" refers to the extent of the intrusion required by the search. Courts have held that surgery which carries a substantial or unknowable risk to a detainee is unreasonably excessive in scope. *E.g. Winston v. Lee*, 470 U.S. 753, 759 (1985); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 44-45 (1st Cir. 2009).

In *Winston v. Lee*, the detainee had a bullet lodged in his body which could have been used by prosecutors to prove their case. 470 U.S. at 756. Experts disagreed as to the level of danger posed by the search. *Id.* at 756-58. The U.S. Supreme Court found the search in violation of the Fourth Amendment, stating, "A compelled surgical intrusion into an individual's body for evidence...may be 'unreasonable' even if likely to produce evidence of a crime." *Id.* At 759.

In *Sanchez v. Pereira-Castillo*, correctional officers believed a detainee was concealing a cell phone in his rectum. 590 F.3d at 36-38. They performed a variety of searches, including visual cavity searches and a manual body cavity search. *Id.* Finally, doctors performed exploratory surgery in an attempt to locate the phone. *Id.* Applying the *Wolfish* factors, the First Circuit Court of Appeals found that the exploratory surgery was unreasonable, stating, "Notwithstanding the existence of probable cause, a search for evidence of a crime may be unjustifiable if it endangers the life or health of the suspect." *Sanchez*, 590 F.3d at 45. The unreasonableness lay in the scope: "The forced abdominal surgery was not 'commonplace' and did involve 'risk, trauma, [and] pain.'" *Id.* Furthermore, the detainee's surgery "was unusual and required total anesthesia, surgical invasion of the abdominal cavity, and two days of recovery in the hospital." *Id.*

In the present case, officers searched Mr. Gray several times before directing doctors to intravenously sedate him. Doctors gave Mr. Gray an anti-seizure medication, which is also an amnesic, and an anaesthetic. Mr. Gray was unconscious for two minutes. Medical procedures which require anaesthesia always pose a risk of harm to the patient. Additionally, Mr. Gray has been experiencing discomfort ever since the procedure. A search which poses a risk of harm and pain, even if that risk is unknowable, may be unconstitutional. *See Winston*, 470 U.S. at 756-758.

### 2. The justification for the search was unreasonable

The *Wolfish* "justification" factor refers to the level of the State's need for the evidence as well as the likelihood that such evidence actually exists. Up until the rectal exams performed while Gray was sedated, the only evidence that he possessed anything illegal was a statement made by his passenger to the police after they initiated the traffic stop and Gray's alleged failure to comply with the "cough and squat" procedure. The statement of the passenger did not specify that the drugs were in Gray's rectum, only that he had them immediately prior to the arrest. The police performed several vehicle and body searches, which uncovered nothing illegal. At some point, the likelihood of finding contraband dissipates and it becomes excessive for police to continue to search. *See Sanchez*, 590 F.3d at 44. A fourth body search, after three searches have uncovered nothing, is unjustified and therefore unreasonable. *Id.*

### 3. The detention after posting bail was unreasonable

Officers arrested Mr. Gray for outstanding city warrants. He was able to and did post bail, but officers continued to detain Mr. Gray. This continued detention after Mr. Gray had posted bail for the arresting offense was unreasonable and in violation of the Fourth Amendment to the United States Constitution. U.S. Const. amend. IV.

**D.  CONCLUSION**

The search of Mr. Gray's rectum while under forced IV sedation was unreasonable in both scope and justification, violating Mr. Gray's right to be free from "unreasonable searches and seizures" guaranteed by the Fourth Amendment to the U.S. Constitution. U.S. Const. amend. IV. All evidence obtained from this unconstitutional search must be suppressed. The Fifth Circuit Court of Appeals has held that "an evidentiary hearing is required 'when the defendant alleges sufficient facts which, if proven, would justify relief.'" *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984) (citing *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir.1983)).

## PRAYER FOR RELIEF

Wherefore, Mr. Gray prays that this Court hold an evidentiary hearing to determine whether the search of Mr. Gray while under IV sedation on April 23-24, 2010 was unreasonable. If this Court determines that the search was unreasonable, Mr. Gray prays that this Court suppress all evidence obtained through that search.

                    Respectfully submitted,

                    RICHARD ANDERSON
                    Federal Public Defender
                    Northern District of Texas

                    BY: /s/ David Sloan
                    DAVID SLOAN
                    Asst. Federal Public Defender
                    State Bar No. 07145600
                    1205 Texas Avenue, Room 506
                    Lubbock, Texas 79401
                    Telephone: (806) 472-7236
                    Fax: (806) 472-7241
                    Attorney for Defendant

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Jeff Haag, the Assistant U.S. Attorney assigned to this matter, regarding the filing of the foregoing and he does oppose said motion.

/s/ David Sloan
David Sloan
Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

I, David Sloan, certify that on the 26th day of July, 2010, I have filed a copy of the foregoing through the Electronic Case Filing System of the United States District Clerk for the Northern District of Texas. It is my understanding that this system will automatically supply an electronic copy of the foregoing to Jeff Haag, the Assistant United States Attorney assigned to this case.

/s/ David Sloan
David Sloan
Assistant Federal Public Defender